NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID FLORENCE, | No. 20-15855 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00331-NONE-BAM |
| v. | |
| S. KERNAN, Secretary of CDCR; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted July 14, 2020**

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

California state prisoner David Florence appeals pro se from the district

court's interlocutory order denying his motions for a preliminary injunction in his

42 U.S.C. § 1983 action challenging the California Department of Corrections and

Rehabilitation's policy of requiring certain prison facilities to integrate general

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

population inmates with special needs yard inmates. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review for abuse of discretion, *Towery v. Brewer*, 672 F.3d 650, 657 (9th Cir. 2012), and we affirm.

The district court did not abuse its discretion in denying Florence's motions for a preliminary injunction because Florence failed to establish that he was likely to suffer irreparable harm. *See Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1022 (9th Cir. 2016) (explaining that "a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief" among other factors (citation and internal quotation marks omitted)); *see id.* (noting that "[s]peculative injury does not constitute irreparable injury sufficient" to obtain a preliminary injunction); *see also Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (determining that a prisoner's claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]").

We do not consider Florence's objection to the filing fee in this case as it is outside the scope of this appeal.

**AFFIRMED.**